**CITY OF ELYRIA, Appellee,**

v.

**ROWE, Appellant.**

[Cite as *Elyria v. Rowe* (1997), 121 Ohio App.3d 342.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006444.

Decided June 4, 1997.

QUILLIN, Judge.

Appellant, Harley Rowe, appeals from the judgment of the Elyria Municipal Court finding him guilty of failing to obtain a permit for his alarm system. We affirm.

Rowe is the owner and operator of a gas station located in the city of Elyria. At some undefined time in the past he apparently had a burglar alarm system installed on the premises. Under Elyria Codified Ordinance 703.20, the city will assess a designated charge for the cost of responding to such an alarm when it appears there have been multiple false alarms at the same location. The city apparently billed Rowe for several such false alarms, but Rowe refused to pay the charges. The city filed a civil complaint against him seeking reimbursement for the costs, and the matter was heard by a magistrate.

During the course of the civil trial, Rowe testified that he had not obtained an alarm permit as required by Elyria Codified Ordinance 703.02. Several months following the conclusion of the civil action, in September 1995, the city sent a letter to Rowe's attorney allowing Rowe fifteen days to either obtain the required

permit or disable his system. Rowe disregarded this mandate and, two months later, the city issued him a citation. Rowe filed a motion to dismiss the charge, and the matter was again heard by a magistrate. The magistrate determined that Rowe's motion to dismiss should be overruled and that Rowe was guilty of the violation charged. The lower court adopted this decision. Rowe appeals, raising three assignments of error.

"I. The judgment should be reversed because the judgment was against the manifest weight of the evidence."

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009. In so doing, the reviewing court must be guided by the presumption that the findings of the trier of fact are correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 409–410, 461 N.E.2d 1273, 1275–1276.

On this appeal, Rowe has provided no transcript of proceedings and no statement of the evidence pursuant to App.R. 9. Because of his failure to provide a complete record, this court cannot review the weight of the evidence presented at trial or the credibility of the witnesses who testified. Under the circumstances, then, we must be guided by the presumption that the trial court's findings were indeed correct. Accordingly, Rowe's first assignment of error is overruled.

"II. The trial court erred by overruling the defendant's motion to dismiss which alleged that the ordinance was unconstitutional."

Under this assignment of error, Rowe argues that Elyria Codified Ordinance 703.02 is unconstitutional because it is unreasonable, arbitrary, capricious or discriminatory. The basis of this argument appears to be his contention that the ordinance is not reasonably related to the public health, safety and welfare in that it is prohibitive of innocent activity. The ordinance in question reads:

"No person shall operate, cause to be operated or permit the installation of an alarm system, unless a current permit has been issued by the Safety–Service Director for such system. However, this section shall not be applicable to an alarm system business which monitors, services or monitors and services an alarm system installed and designed to protect property under the control of a person other than the alarm system business, but the person in control of the property which the alarm system is designed to protect shall be subject to prosecution if he or she permits the operation of such system without a valid permit."

■  It is a long-established principle that courts must presume the constitutionality of ordinances.  See *Foster & Kleiser, Div. of Metromedia, Inc. v. Springfield Twp. Bd. of Zoning Appeals* (Feb. 12, 1986), Summit App. No. 12272, unreported, 1986 WL 2215.  The burden is on the party challenging the ordinance to prove beyond a reasonable doubt that the ordinance and the Constitution are clearly incompatible.  *Rocky River v. State Emp. Relations Bd.* (1989), 43 Ohio St.3d 1, 10, 539 N.E.2d 103, 111.  It is not incumbent upon the municipality to affirmatively establish the public interest motivating the enactment, *Akron v. Miller* (Aug. 27, 1981), Summit App. No. 10170, unreported, 1981 WL 4127, and a reviewing court will not pass upon the wisdom of the ordinance unless there is a clear and palpable abuse of power.  *Akron v. Rasdan* (1995), 105 Ohio App.3d 164, 171, 663 N.E.2d 947, 951–952, citing *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 48, 616 N.E.2d 163, 172–173.

Once again, due to the absence of a transcript or statement of the evidence on appeal, we can only consider the constitutionality of this ordinance on its face, rather than its specific application to Rowe.

Rowe cites *Rasdan, supra,* for his contention that an ordinance may be found unconstitutional on its face if it prohibits so much innocent activity that there is no rational connection to the public welfare.  *Id.,* 105 Ohio App.3d at 174, 663 N.E.2d at 953–954.  In that case, an Akron city ordinance prohibited all persons from carrying on or about them any knife having a blade at least two and one-half inches in length.  *Id.* at 168, 663 N.E.2d at 950.  This court reasoned that that ordinance encompassed within its scope of criminal liability so much innocent activity, *e.g.* carving, hunting, fishing, camping, and scouting, that it was not rationally connected to the protection of the public and was, therefore, facially unconstitutional.  *Id.* at 173–174, 663 N.E.2d at 953–954.

■  The distinction between that case and this one is clear.  The ordinance Rowe contests does not prohibit anyone from installing an operable burglar alarm on his premises.  The ordinance merely requires that a permit be obtained for such a system.  The magistrate found that the obtainment of this permit required a one-time charge of $25.  Unlike the restriction in *Rasdan,* this restriction does not so unreasonably prohibit innocent activity that it cannot be rationally related to the public welfare.

■  As previously stated, in reviewing the validity of any ordinance this court has a duty to avoid an unconstitutional construction if at all reasonably possible.  In this case, Rowe has demonstrated no abuse of power on the part of the city.  We perceive nothing on the face of Elyria's ordinance to suggest that it is unreasonable, arbitrary, capricious or discriminatory.  Rowe has not demonstrated that it is in any way clearly incompatible with the Constitution.  Rowe has

failed, therefore, to carry his heavy burden of proof beyond a reasonable doubt. His second assignment of error is overruled.

"III.   The judgment should be reversed because of double jeopardy."

The prohibition against double jeopardy was designed, in part, to protect an individual from suffering multiple punishments for the same offense.   See *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496.   For double jeopardy to operate as a bar to punishment, then, it is essential to show that there was some previous attempt to punish the same individual for the same action.   See *State v. Edmunds* (Jan. 17, 1996), Summit App. No. 17249, unreported, 1996 WL 15851, affirmed *In re Administrative License Suspension Cases* (1996), 76 Ohio St.3d 597, 598, 669 N.E.2d 1114, 1114–1115.

In the original action against Rowe, the city filed a civil complaint.   In the current case, the city filed a criminal complaint.   Assuming, *arguendo*, that double jeopardy even could apply in such a circumstance, the purpose of the former action was an attempt to win reimbursement for the cost of responding to false alarms at Rowe's business address.   Such an action presumably would have been brought regardless of whether Rowe had a proper alarm permit.   The action in the case at bar was filed against Rowe for failure to have the required alarm permit.   Again, this cause was actionable whether or not the city ever responded to a false alarm on Rowe's premises.   While the two proceedings involved the same parties and the same burglar alarm, they arose out of entirely different and unrelated violations of the city ordinance.   Under the circumstances, there is no merit to Rowe's double jeopardy argument.   His third assignment of error must also be overruled.

*Judgment affirmed.*

DICKINSON, P.J., and BAIRD, J., concur.