CITY OF NORTH OLMSTED, Appellant,

v.

NORTH OLMSTED LAND HOLDINGS, LTD., Appellee,

[Cite as *N. Olmsted v. N. Olmsted Land Holdings, Ltd.* (2000), 137 Ohio App.3d 1.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74877.

Decided Feb. 14, 2000.

*Michael R. Gareau* and *James M. Dubelko,* for appellant.

*Mansour, Gavin, Gerlack & Manos, Anthony J. Coyne, Thomas B. Bralliar, Jr.,* and *Eli Manos,* for appellee.

PATRICIA ANN BLACKMON, Judge.

Appellant city of North Olmsted appeals a decision by the trial court in favor of appellee North Olmsted Land Holdings, Ltd. in its complaint for violation of the city's Urban Forest Ordinance. North Olmsted assigns the following three errors for our review:

"I. The trial court erred in granting defendant–appellee's motion to dismiss, where the court failed to make any effort to decide the motion on the non–constitutional issues raised by defendant–appellee, and then decided the motion by holding that a provision of Section 950.03 of the North Olmsted Urban Forest Ordinance, other than the provision defendant–appellee was charged with violating, was unconstitutional.

"II. The trial court erred in granting defendant–appellee's motion to dismiss, where the court failed to apply all presumptions and pertinent rules of construction to the language of the North Olmsted Urban Forest Ordinance so to, if at all possible, give the enactment a construction which would permit it to operate lawfully and constitutionally.

"III. The trial court erred in granting defendant–appellee's motion to dismiss, by holding that Section 950.03 of the North Olmsted Urban [Forest] Ordinance was void for vagueness in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution."

Having reviewed the record and the legal arguments of the parties, we reverse and remand the decision of the trial court. The apposite facts follow.

This case began with a criminal complaint filed by North Olmsted against North Olmsted Land Holdings, Ltd. ("NOLH" ) for violation of Section 950.03 of the Codified Ordinances of North Olmsted. Section 950.03 provides:

"No person shall plant or remove any public, commercial or multi-family residential tree in a treelawn or other public, commercial or multi-family residential place without first procuring a permit from the City Forester. The person receiving the permit shall abide by Arboricultural Specification and Standards of practice generally accepted by the Arboricultural trade."

The complaint alleged that NOLH removed commercial trees without first obtaining the required permit from the City Forester.

NOLH filed a motion to dismiss the complaint on the following grounds: "(1) the actions alleged to have been in derogation of Section 950.03 were consented to and authorized in advance by the City of North Olmsted; (2) said ordinance is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the United States Constitution; and (3) the actions of Defendant were in accordance with federal law and a permit issued by the United States Army Corps of Engineers pursuant to 33 C.F.R. 330.1 *et seq.*"

NOLH argued that it cleared the trees as part of its effort to develop twenty-four acres of land it owned along Brookpark Road in North Olmsted. It also argued that, on July 3, 1997, North Olmsted gave permission for NOLH to clear the trees. NOLH also challenged Section 950.03 as unconstitutional because it unlawfully delegates legislative authority without sufficient standards, is unconstitutionally vague, and as written and applied, allows for unfettered selective enforcement by North Olmsted. NOLH argued that the ordinance requires a person seeking a permit to "abide by arboricultural specification and standards of practice generally accepted by the arboricultural trade" without explaining these terms. NOLH also argued that the ordinance improperly failed to identify the person responsible for determining whether the permit applicant's proposed actions were proper under arboricultural specifications and general practices. Finally, NOLH argued that it acted in compliance with federal law and pursuant to a permit issued by the United States Army Corps of Engineers under section 330.1, Title 33, C.F.R., which supercedes the North Olmsted ordinances.

In opposition to the motion to dismiss, North Olmsted argued that, before the trees were removed, the city entered into an "Agreed Order of Preliminary Injunction," which authorized NOLH to "cut and remove shade and ornamental trees with trunks of four (4) inches or less in diameter within a certain delineated 'path' area" and "cut and remove all shade and ornamental trees within a certain delineated 'yellow zone'" on the property. NOLH agreed to comply with the Urban Forest Ordinance in all other respects.

According to North Olmsted, NOLH violated the agreement by removing trees with trunks of more than four inches in diameter and by removing trees outside the "path" area and "yellow zone." Furthermore, North Olmsted argued that the statute was not unconstitutionally vague and that Chapter 330, Title 33, C.F.R.

did not supersede the North Olmsted ordinance because there was no conflict between the two provisions. North Olmsted attached a copy of the "agreed order of preliminary injunction" between the city and NOLH.

A hearing on the motion to dismiss was held on December 16, 1997. Thereafter, North Olmsted asked the trial court to defer ruling on the motion to dismiss until the court received a copy of a decision issued in *Mentor v. Osborne* (Sept. 23, 1996), Mentor C.P. No. CRB 9600559A and CRB 9600559B, unreported. In *Osborne*, the defendant successfully challenged the constitutionality of a Mentor ordinance that prohibited removing trees without prior approval of the Mentor Municipal Planning Commission. In *Osborne*, the defendant argued that the Mentor ordinance "fails to apprise a reasonable person of the circumstances under which prior approval [to remove trees] is needed" and "does not contain *any* sufficient standards or guidelines to direct the administrative bodies in exercising their discretion to either approve [or] deny the removal of trees." The defendant also argued that "an ordinance which delegates authority as to its enforcement without laying down any rules or standards for such decision, grants an arbitrary power to interfere with constitutional rights and is void." The *Osborne* court ruled that the Mentor ordinance was unconstitutional.

The trial court granted NOLH's motion to dismiss, holding that the North Olmsted ordinance was unconstitutional on its face and in application. The court also stated that it need not address other bases for the motion to dismiss. The court reasoned that the ordinance improperly delegated enforcement authority without laying down any specific rules or standards for such decision making. The court further found that even if the applicant obtained the services of a certified arborist, the City Forester could issue an order based on general standards of practice accepted by uncertified people in the arboricultural trade that might conflict with directions of the applicant's arborist. The trial court questioned whether the appeal procedure in Section 950.05 was sufficient to set forth specific standards of guidance.[1] The court granted NOLH's motion to dismiss. This appeal followed.

In its first assignment of error, North Olmsted argues that the trial court erred in dismissing the complaint on constitutional grounds without first considering the non-constitutional issues raised by the motion to dismiss. Ohio courts have repeatedly held that courts should decide constitutional questions only when necessary and should not determine the constitutionality of a statute when other issues exist on the record that will provide a basis for determining the case on its merits. See *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338,

---

1. Section 950.05 provided that decisions of the City Forester regarding permits could be appealed to the service director if requested in writing within ten days of the ruling.

345, 699 N.E.2d 1271, 1277, certiorari denied (1998), 84 Ohio St.3d 1412, 701 N.E.2d 1021; *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio St.3d 504, 507, 644 N.E.2d 361, 364; *State v. Crimi* (1995), 106 Ohio App.3d 13, 20, 665 N.E.2d 230, 235, appeal dismissed (1996), 74 Ohio St.3d 1498, 659 N.E.2d 314; *In re Moser* (1997), 124 Ohio App.3d 117, 124, 705 N.E.2d 712, 716; *Watson v. Cleaners Hanger Co.* (Oct. 22, 1998), Cuyahoga App. No. 74314, unreported, 1998 WL 741912, appeal dismissed (1999), 85 Ohio St.3d 1425, 707 N.E.2d 515.

▇ In this case, NOLH raised two nonconstitutional issues in its motion to dismiss the complaint—that North Olmsted consented to NOLH's actions and that NOLH's actions were in accordance with a permit from the United States Army Corps of Engineers. In ruling on the motion to dismiss, the trial court stated that it was "unnecessary" to address those issues. We disagree.

▇ As the above-listed line of cases indicates, the constitutionality of a statute should not be addressed where the record presents some other ground upon which the court may base its decision. See *Dept. of Commerce v. United States House of Representatives* (1999), 525 U.S. 316, 342–344, 119 S.Ct. 765, 779, 142 L.Ed.2d 797, 820 (court will not determine the constitutionality of a legislative enactment where other issues are apparent in the record which will dispose of the case on its merits).

"The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v. Tennessee Valley Auth.* (1936), 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

In this case, the parties signed an "Agreed Order of Preliminary Injunction" that restrained NOLH from violating any provision of Chapter 950 of the North Olmsted Codified Ordinances by removing any trees unless those specifically outlined in the agreement. Via the agreed order, NOLH agreed to comply with the ordinance and to remove only those trees authorized by the agreed order. In determining whether to dismiss North Olmsted's complaint alleging an ordinance violation, the trial court could have resolved the issue by determining whether NOLH exceeded the scope of the permission granted by the city. By completely ignoring this issue and ruling, instead, on the constitutionality of the ordinance, the trial court committed reversible error. Accordingly, North Olmsted's first assignment of error is well taken.

In its second assignment of error, North Olmsted argues that the trial court erred in failing to apply the presumption of constitutionality to Section 950.03. Statutory enactments are presumed constitutional. *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 328, 720 N.E.2d 901, 904; *Harsco Corp. v. Tracy* (1999), 86 Ohio St.3d 189, 192, 712 N.E.2d 1249, 1252; *Ottawa Cty. Bd. of Commrs. v. Marblehead* (1999), 86 Ohio St.3d 43, 46, 711 N.E.2d 663, 666, reconsideration denied (1999), 86 Ohio St.3d 1468, 715 N.E.2d 569; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 528, 709 N.E.2d 1148, 1152; *State v. Uskert* (1999), 85 Ohio St.3d 593, 597, 709 N.E.2d 1200, 1203.

"1. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body. 2. That presumption of validity of such legislative enactment cannot be overcome unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution. * * * The question, whether a law be void for its repugnancy to the Constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 147, 57 O.O. 134, 137, 128 N.E.2d 59, 63. The *Dickman* court went on to state that a law should not be held unconstitutional on "slight implication" and "vague conjecture" but only where the court has a "clear and strong conviction" that the challenged law is incompatible with the Constitution. *Id.* The same presumption of constitutionality applies to ordinances. *Elyria v. Rowe* (1997), 121 Ohio App.3d 342, 346, 700 N.E.2d 36, 38.

In this case, had the trial court afforded the challenged ordinance the requisite presumption of constitutionality, it could have resolved NOLH's motion to dismiss by first considering the nonconstitutional issues raised by NOLH's motion to dismiss. Instead, as discussed above, the court made no effort to address these issues but proceeded directly to address the constitutional issues raised by the motion to dismiss. Accordingly, North Olmsted's second assignment of error is also well taken.

In its third assignment of error, North Olmsted argues that the trial court erred in finding that Section 950.03 was void for vagueness. When an ordinance is challenged as unconstitutionally vague, the reviewing court must determine "whether the statute provides sufficient notice of its proscriptions and contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." *Perez v. Cleveland* (1997), 78 Ohio St.3d 376, 378, 678 N.E.2d 537, 540. See, also *State v. Ward* (1999), 130 Ohio App.3d 551, 568, 720 N.E.2d 603, 615, citing *Smith v. Goguen* (1974), 415 U.S. 566, 573, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605, 611–612. In order to establish a statute as unconstitutionally vague, the challenging party must show that an examination of the statute

would not enable a person of ordinary intelligence to understand what the law requires him to do or that the acts he committed were prohibited. *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226–1227, certiorari denied (1991), 501 U.S. 1257, 111 S.Ct. 2904, 115 L.Ed.2d 1067. See, also, *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115; *Wappvo v. City of Wickliffe* (Sept. 30, 1999), Lake App. No. 98–L–096, unreported, 1999 WL 959808, citing *Anderson,* 57 Ohio St.3d at 171, 566 N.E.2d at 1226–1227.

 NOLH argued that the ordinance was unconstitutionally vague. We disagree. The ordinance directs people to obtain a permit before removing trees from a "treelawn or other public, commercial, or multi-family residential place without first procuring a permit from the City Forester." By so doing, the ordinance clearly informs people that removing trees without a permit constitutes a violation of the ordinance. The record contains no evidence that NOLH ever obtained the permit required by the ordinance. The fact that the agreed order of preliminary injunction signed by North Olmsted allowed NOLH to remove some trees without a permit from the City Forester does not impact our resolution of this issue. Whether the city consented to the removal of trees and whether NOLH exceeded the scope of the permission granted is an issue that should have been determined by the trial court. The ordinance clearly provided that removing trees without a permit was prohibited. Accordingly, it "(1) provide[d] sufficient notice of its proscriptions and (2) contain[ed] reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." See *Perez,* 78 Ohio St.3d at 378, 678 N.E.2d at 540. Because we find that the challenged ordinance is not unconstitutionally vague, we find that North Olmsted's third assignment of error is well taken.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for consideration of the nonconstitutional issues raised by NOLH's motion to dismiss.

*Judgment reversed*
*and cause remanded.*

Jᴀᴍᴇs M. Pᴏʀᴛᴇʀ, A.J., and Tᴇʀʀᴇɴᴄᴇ O'Dᴏɴɴᴇʟʟ, J., concur.