This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Harely Rowe, has appealed from his conviction in the Elyria Municipal Court. We affirm.
Defendant was convicted in 1996 for operating an alarm system at his place of business without the required permit, in violation of Elyria Codified Ordinance 703.02. This Court upheld Defendant's conviction on appeal. City of Elyria v. Rowe (1997), 121 Ohio App.3d 342. On September 9, 1999, Defendant was again cited for the same offense. Rowe filed a motion to dismiss, arguing that the charge violated his constitutional guarantee against double jeopardy. The magistrate denied the motion and found Defendant guilty. Further, the magistrate recommended a fine of $100 plus court costs, noting that Defendant had admitted that he did not have a permit for his alarm system. On June 6, 2000, the trial court adopted the magistrate's decision. On September 19, 2000, the trial court sua sponte amended its previous decision and found Defendant guilty of the alarm permit violation and sentenced him to pay a fine of $100 plus court costs. Defendant timely appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred by failing to grant 
Defendant's motion to dismiss based on double jeopardy.
In Defendant's first assignment of error he argues that the trial court erred in denying his motion to dismiss based on double jeopardy. Defendant maintains that his conviction in the present matter constitutes double jeopardy because he was previously convicted for the same ordinance violation in 1996. Both cases involve a violation of Elyria Codified Ordinance 703.02. Defendant's argument is without merit.
The prohibition against double jeopardy was designed, in part, to protect an individual from suffering multiple punishments for the same offense. See United States v. Halper (1989), 490 U.S. 435, 440,104 L.Ed.2d 487, 496. For double jeopardy to operate as a bar to attempted punishment, it is essential to show that there was some previous attempt to punish the same individual for the same offense. See State v.Edmunds (Jan. 17, 1996), Summit App. No. 17249, unreported at 3, affirmedIn re Administrative License Suspension Cases (1996), 76 Ohio St.3d 597,598. "[T]he words `same offense' mean same offense, not the same transaction, not the same acts, not the same circumstances or same situations[.]" State v. Wallen (1969), 21 Ohio App.2d 27, 36. If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable. State v. Johnson (1960),112 Ohio App. 124, 130.
In Cleveland v. Fogos (1995), 103 Ohio App.3d 39, the Eighth District Court of Appeals addressed double jeopardy as it related to the enforcement of zoning codes and found that "[t]he Double Jeopardy Clause does not create an implied immunity for a continuous violation, as such a reading would hamper the enforcement of the [zoning] code." Id. at 47. Likewise, in Girard v. Rodomsky (Dec. 31, 1998), Trumbull App. No. 97-T- 0107, unreported, 1998 Ohio App. LEXIS 6359, the Eleventh District Court of Appeals found that an offender was not permitted to violate zoning regulations just because the offender was previously convicted of the identical violation. Id. at *12.
In the instant case, Defendant was charged on two separate occasions for operating an alarm system at his place of business without the required permit, in violation of Elyria Codified Ordinance 703.02. The ordinance provides, in relevant part:
 No person shall operate, cause to be operated or permit the installation of an alarm system, unless a current permit has been issued by the Safety-Service Director for such system. * * * The person in control of the property shall obtain a separate permit for each alarm system on so much of the premises that is under the direct control of the applicant for the permit.
Although the offenses for which Defendant was convicted took place under similar circumstances, each offense was a different act, performed at a different time, with police responding to alarms on two separate occasions. The result is that different evidence is required to prove each distinct offense. So, while it is true that both the United States and Ohio Constitutions forbid someone from being held twice accountable for the same act, the offense being appealed was a distinct second violation of the above statute. It was not the same offense. More importantly, the protection of the Double Jeopardy Clause was not established to allow a previous conviction to immunize a defendant from abiding by local law. Therefore, double jeopardy is not applicable in this case. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred by finding [Defendant] guilty of an ordinance that violated the ex post facto clause of the [United States] and Ohio Constitution[s].
In Defendant's second assignment of error he contends that Elyria Codified Ordinance 703.02 violates the ex post facto clause of the United States and Ohio Constitutions. We disagree.
It is well established that courts will presume the constitutionality of a municipal ordinance and that the party challenging a legislative act of a municipality bears the burden of demonstrating its unconstitutionality. See Hudson v. Albrecht, Inc. (1984), 9 Ohio St.3d 69,71. "The presumption can only be overcome by proof beyond a reasonable doubt that the legislation and the Constitution are clearly incompatible." Lorain v. Davidson (1989), 65 Ohio App.3d 408, 411.
Article II, Section 28 of the Ohio Constitution states that the General Assembly shall have no power to pass retroactive laws, and this section has been construed to include the ban on ex post facto laws by the legislature. State v. Dolce (1993), 92 Ohio App.3d 687, 697. Article I, Section 10 of the United States Constitution prohibits Congress from passing any ex post facto laws. Legislation violates the ex post facto
clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. State v. Rush
(1998), 83 Ohio St.3d 53, 59. However, "[t]o insist that private rights are immutable and once vested can never be changed is to ignore the precept that private right is always subordinate to public right asserted by the proper exercise of the police power." Ghaster Properties, Inc. v.Preston (1964), 176 Ohio St. 425, 442 quoting Moore v. Ward (Ky. 1964), 377 S.W.2d 881, 884. Further, at least one illegal act must occur after the effective date of the statute to prevent the statute from violating the ex post facto clause. National Mutl. Ins. Co. v. Whitmer (1982),70 Ohio St.2d 149, 153.
Elyria Codified Ordinance 703.05 provides:
 No person shall operate or permit the operation of an alarm system which was installed on his or her property prior to the effective date of this chapter (Ordinance 87-193, passed June 1, 1987), unless a permit for such alarm system is obtained within 180 days of such effective date. * * *
In the instant case, Defendant purchased his place of business in 1986, at which time the alarm system was already installed. The effective date of the ordinance requiring a permit was in 1987. Defendant argues that the ordinance violates the ex post facto clause because it makes criminal his lack of an alarm permit in 1986. Defendant has misinterpreted the expost facto clause and its applicability to the ordinance at issue.
The requirements of Elyria Codified Ordinance 703.02 became effective on June 1, 1987 and applied only to the lack of a permit subsequent to that date. At no time has Defendant been punished under the ordinance for acts prior to 1987. In fact, Defendant was convicted due to his failure to obtain a permit in 1995 and 1999, illegal acts that occurredafter the effective date of the ordinance. Had Defendant obtained the required permit after the ordinance was passed, the consequences of which he now complains would not have followed. Since Elyria Codified Ordinance is not an ex post facto law, the assignment of error is overruled.
Defendant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ LYNN C. SLABY
BAIRD, P.J., WHITMORE, J. CONCUR.