{¶ 1} Defendant-appellant, Thomas W. Wooden, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Franklin County Prosecuting Attorney, summary judgment on plaintiff's complaint seeking to enjoin defendant from residing within 1,000 feet of a school premises per R.C. 2950.031's residency restrictions for certain sexually oriented offenders. Because a genuine issue of *Page 2 
material fact exists concerning applicability of the uncodified provisions of R.C. 2950.031, we reverse.
 {¶ 2} Defendant does not dispute many of the facts relevant to plaintiff's complaint. According to the record, defendant, represented by counsel, pleaded guilty on April 6, 2000 to corruption of a minor in violation of R.C. 2907.04, the stipulated lesser included offenses of counts one and two of the indictment. After a hearing on June 19, 2000, the trial court determined defendant is not a sexual predator or a habitual sex offender, but a sexually oriented offender. The trial court sentenced defendant to a two-year determinate sentence on each count, to be served consecutively. According to defendant, he was released from incarceration in 2002.
 {¶ 3} As a sexually oriented offender who was sentenced for the sexually oriented offense to a prison term and, on or after July 1, 1997, was released from incarceration, defendant was also required to register as a sex offender and register his residence address with the sheriff of the county in which he resides. See R.C. 2950.04. In 2003, the Ohio General Assembly enacted R.C. 2950.031, effective July 31, 2003, which prohibits registered sex offenders from residing within 1,000 feet of a school premises. In 2005, the statute was amended to provide county prosecutors with the power to enforce its provisions through a cause of action for injunctive relief. The statute again was amended in July 2007 and was recodified as R.C. 2950.034. Because the 2007 amendments are not material here, we analyze R.C. 2950.031 as in effect before its 2007 amendment and recodification.
 {¶ 4} On March 9, 2006, the Franklin County Prosecutor filed a complaint against defendant pursuant to R.C. 2950.031 seeking to enjoin him from residing within 1,000 *Page 3 
feet of a school premises, including Clarfield Elementary School. After being served on March 23, 2006, defendant filed an answer and memorandum contra plaintiff's request for injunctive relief. Defendant subsequently filed a motion to stay the decision, attaching a letter from Carole J. Olshavksy, FAIA, Senior Executive, Capital Improvements, Columbus Public Schools. Her letter advised that Clarfield Elementary School "is scheduled to close at the end of the 2006-07 school year. The building will be used as swing space while another school is under construction." (September 20, 2006 letter.)
 {¶ 5} Plaintiff responded with a motion for summary judgment, filed December 14, 2006 and accompanied by a memorandum contra defendant's motion for stay. Plaintiff supported its motion with a copy of the trial court's entry on the underlying conviction, an affidavit from the sheriff's office verifying defendant's residence per the information defendant submitted in registering with the sheriff, and an affidavit from a deputy auditor in the Franklin County Auditor's Office, Real Estate Division, stating defendant's residence at 1241 Grovewood Drive is approximately 750 feet from Clarfield School.
 {¶ 6} Defendant answered plaintiff's motion with a motion to dismiss and a memorandum contra, raising four issues. Initially, defendant contended application of R.C. 2950.031 to him was a retroactive application in violation of due process. He further asserted judgment for plaintiff would violate the ban on ex post facto laws. Apart from his constitutional arguments, defendant also argued his house was not within 1,000 feet of Clarfield School if the sidewalks and paths between his house and the school were followed. Finally, defendant asserted he is exempt from the provisions of R.C. 2950.031 due to the uncodified section of the law that renders the statute inapplicable to his rental *Page 4 
agreement. In support of that argument, defendant attached the affidavit of Florence O'Bannon, the property owner of 1241 Grovewood Drive. According to her affidavit, defendant "entered an agreement to pay rent on a monthly basis prior to July 1, 2003 and such agreement has not expired."
 {¶ 7} In a Decision and Entry filed April 2, 2007, the trial court concluded plaintiff proved all the necessary elements of its case under R.C. 2950.031, determining the "only issue remaining is whether Defendant is entitled to the benefit of an uncodified grandfathering provision which was included in the legislation." (Decision and Entry, 1.) Concluding defendant's affidavit failed to invoke the provision, the court granted summary judgment to plaintiff. The trial court further determined "[t]he fact the school may close in the future is not relevant to these issues before the Court. The Court has no authority to stay these proceedings until the school may close." (Decision and Entry, 2.) Accordingly, the trial court denied defendant's motions to stay and to dismiss.
 {¶ 8} By judgment entry filed May 8, 2007, the trial court permanently enjoined defendant from violating the provisions of R.C. 2950.031, and in particular from residing within 1,000 feet of any school premises. The court furthered ordered defendant to register any new residence in accordance with law and to pay court costs within 90 days. Defendant appeals, assigning the following errors:
 ONE:
 Trial court erred as a matter of law, and abused its discretion; By denying appellant[']s motion to dismiss based on the fact that Section 2950.031 of the Ohio Revised Code violates The Ex Post Facto and Due Process Clauses as contained in Article 1, Section 10 of the United States Constitution. *Page 5 
 TWO:
 Trial court erred by issuing a permanent universal injunction as opposed to an injunction specifically requested by plaintiff to enjoin appellant from the premises at 1241 Grovewood Drive, Columbus Ohio 43207 as in complaint.
 THREE:
 Trial court erred as a matter of law, and abused its discretion; By exercising jurisdiction to permanently evict appellant under section 2950.031 based on an unconstitutional conviction under Section 2970.04 [sic] in violation of both the Ohio and United States Constitution.
Because all of defendant's assignments of error are resolved in our addressing one issue, we first focus on that issue: whether evidence before the trial court created a genuine issue of material fact about defendant's contention that the uncodified provisions of R.C. 2950.031
render the statute inapplicable to defendant.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the *Page 6 
record demonstrating the absence of a material fact. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E). See, also, Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
 {¶ 11} R.C. 2950.031, as effective July 31, 2003, provided that "[n]o person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." R.C. 2950.031 was enacted through 2003 S.B. 5; Section 8, the uncodified provisions, specifically states the statute applies to "rental agreements entered into on or after" July 31, 2003.
 {¶ 12} Through the affidavit he submitted in response to plaintiff's summary judgment motion, defendant invoked the uncodified provisions of Section 8. Specifically, the owner of the premises where defendant resides stated defendant entered into an agreement to pay rent on a monthly basis prior to July 1, 2003. She further averred the agreement has not expired. On its face, the affidavit supports defendant's contention that the statute does not apply to him because he did not enter into the agreement after July 31, 2003.
 {¶ 13} In response, plaintiff did not assert the uncodified provisions could never apply. Rather, plaintiff argued, and the trial court determined, defendant's affidavit is inadequate to create a genuine issue of material fact regarding the statute's applicability. *Page 7 
In particular, plaintiff noted defendant supplied no written copy of the rental agreement. Plaintiff further argued defendant provided no terms of the agreement, such as whether the agreement was periodic or for a term of years, whether the agreement had been modified, whether defendant "entered into `any agreement or lease, written or oral, that establishes or modifies the terms, conditions, rules of other provisions concerning the use or occupancy of premises.'" (Plaintiff's Reply Memorandum, 8.)
 {¶ 14} Nothing in the uncodified provisions on which defendant relies mandates that the rental agreement be in writing; defendant's failure to submit a written rental agreement therefore did not foreclose application of the uncodified provisions. Although plaintiff contended defendant should have submitted more terms of the rental agreement, the terms he provided through the affidavit of the landowner were enough to facially invoke the uncodified provisions: the affidavit stated the agreement was entered into before July 1, 2003 and had not expired. For purposes of summary judgment, the burden then shifted to plaintiff to present evidence demonstrating the provisions do not apply, either because of material modification or other terms of the agreement that might render the provisions inapplicable. Plaintiff did not do so, and the trial court erred speculating that such evidence exists when, on summary judgment, the court was required to construe the evidence in defendant's favor.
 {¶ 15} Because the trial court erred in construing the evidence against defendant and in favor of the state when the issue was presented in the context of summary judgment, we sustain defendant's assignments of error only to the extent indicated. City of N. Olmstead v. N.Olmstead Land Holdings, Ltd. (2000), 137 Ohio App.3d 1 (noting courts should decide constitutional questions only when necessary and should not *Page 8 
determine the constitutionality of a statute when other grounds exist to resolve the case). Because the matter must be remanded, the trial court on remand also will have the opportunity to examine the issue raised concerning the continued use of Clarfield Elementary School as a school, and whether plaintiff's action may be moot if the building no longer is so used. At the same time, and if the uncodified provisions ultimately are determined not to apply, the trial court may consider whether a possibly short life-span for the school affects the constitutionality of applying the statute to defendant who may be forced to move as a result of school activity that soon may cease.
 {¶ 16} Having sustained defendant's assignments of error to the extent indicated, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
 BROWN and FRENCH, JJ., concur. *Page 1