[Cite as *Haight v. Cheap Escape Co.*, 2014-Ohio-2447.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| JOHN HAIGHT, et al. | : | |
| Plaintiffs-Appellants | : | C.A. CASE NO. 25983 |
| v. | : | T.C. NO.    12CV946 |
| CHEAP ESCAPE COMPANY, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____6th_____ day of _____June_____, 2014.

. . . . . . . . . .

ANDREW BILLER, Atty. Reg. No. 0081452, 4200 Regent Street, Suite 200, Columbus, Ohio 43219

and

FREDERICK M. GITTES, Atty. Reg. No. 0031444, 723 Oak Street, Columbus, Ohio 43205
        Attorneys for Plaintiffs-Appellants

JOHN P. SUSANY, Atty. Reg. No. 0039472 and PATRICK G. O'CONNOR, Atty. Reg. No. 0086712, 3475 Ridgewood Road, Akron, Ohio 44333
        Attorneys for Defendants-Appellees, Robert Minchak and Joan Minchak

JENNIFER D. BRUMBY, Atty. Reg. No. 0076440 and MICHAEL P. BRUSH, Atty. Reg. No. 0080981, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402

Attorneys for Defendant-Appellee, Mark Kosir

NEIL E. KLINGSHIRN, Atty. Reg. No. 0037158, 4040 Embassy Parkway, Suite 280, Akron, Ohio 44333

Attorney for Amicus Curiae, Ohio Employment Lawyers Association

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} John Haight and Christopher Pence appeal from a judgment of the Montgomery County Court of Common Pleas, which found that they were not "employees" of Cheap Escape Company (d.b.a. JB Dollar Stretcher), as that term is defined in Ohio's minimum wage laws, when they were working at the company as salespersons. Defendants-Appellees Robert Minchak, Joan Minchak, and Mark Kosir were Cheap Escape's principals during the times relevant to this lawsuit.

*Background*

{¶ 2} The Ohio Fair Minimum Wage Amendment (State Issue 2) was approved by Ohio voters in November 2006, and was incorporated into the Ohio Constitution at Article II, Section 34a ("Section 34a"). It went into effect on December 8, 2006. A central provision of the amendment was that "every employer shall pay their (sic) *employees* a wage rate of not less than six dollars and eighty-five cents per hour beginning January 1, 2007," (emphasis added) with the amount to be adjusted annually thereafter pursuant to a formula tied to the consumer price index. The amendment did not require any action by the Ohio General Assembly to implement its protections, but it provided that "[l]aws may be passed to implement its provisions and to create additional remedies, increase the minimum wage rate and extend coverage of the section, but in no manner restricting any provision of the section * * *."

{¶ 3} Shortly after voter approval of Section 34a, the Ohio General Assembly

enacted R.C. 4111.14 and amended other portions of R.C. 4111.01 through R.C. 4111.10 (H.B. 690) "in implementation of Section 34a of Article II, Ohio Constitution."

{¶ 4} This appeal presents the question whether the General Assembly's actions, particularly its passage of R.C. 4111.14, imposed requirements or defined terms in a manner that conflicts with Section 34a and its express provision that laws passed for its implementation may extend, but not restrict, its coverage. If the statute clearly conflicts with the constitutional provision beyond a reasonable doubt, it cannot stand. *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 146, 128 N.E.2d 58 (1955).

*Facts and Procedural History*

{¶ 5} Haight and Pence are former salespersons of Cheap Escape, which published a coupon magazine and operated a website for electronic coupons; they sold advertising space in the magazine and website. There is some dispute as to how Cheap Escape's salespersons were paid, but all or a substantial part of their pay was through commissions. Haight and Pence allege that they were paid less than the minimum wage during the time that they worked for Cheap Escape, and this fact does not appear to be in dispute. The parties disagree about whether Ohio law required Cheap Escape to pay Haight and Pence the minimum wage.

{¶ 6} On February 6, 2012, Haight and Pence filed a complaint against Cheap Escape and the Minchaks seeking "monetary, declaratory, and injunctive relief."[1] The complaint identified the claims as follows: failure to pay minimum wages under Section 34a,

---

[1] Haight and Pence brought their minimum wage claim "on behalf of themselves and all similarly situated individuals," as permitted under Section 34a.

declaratory action regarding definition of "employee" under Ohio's minimum wage laws, failure to tender pay (earned commissions) by regular payday (R.C. 4113.15), breach of contract in failing to pay all earned commissions, and quantum meruit (unjust enrichment). Cheap Escape filed a counterclaim for unjust enrichment. Haight and Pence thereafter filed two amended complaints. In pertinent part, the amended complaints sought class action certification, omitted Cheap Escape as a defendant, added Mark Kosir as a defendant-employer, added additional claims against the Minchaks and Kosir under Section 34a and R.C. 4111.14 (which are not relevant to this appeal),[2] and dropped the claims against Cheap Escape for breach of contract and unjust enrichment. Cheap Escape and the Minchaks thereafter dismissed their counterclaim for unjust enrichment. We will hereafter refer to the Minchaks and Kosir, collectively, as the owners of Cheap Escape.

{¶ 7} On February 19, 2013, Haight and Pence filed a motion for a declaratory judgment on the constitutionality of the definition of "employee" contained in R.C. 4111.14(B)(1), arguing that the resolution of this legal question would "go a long way in resolving the lawsuit." On October 13, 2012, the trial court concluded that R.C. 4111.14(B)(1) did not unconstitutionally contradict or restrict the meaning of the term "employee," as set forth in Section 34a, and therefore that R.C. 4111.14(B)(1) was constitutionally valid. The court's judgment included a statement that it was a final appealable order and Civ.R. 54 certification that there was no just cause for delay.

---

[2] These additional claims included a challenge to the constitutionality of the written consent requirement contained in R.C. 4111.14(K)(2), failure to maintain and provide employee records, retaliation, and spoliation of evidence.

{¶ 8}     Haight and Pence appeal, raising two assignments of error, which we will address together.[3]

**The trial court erred in declaring that R.C. § 4111.14(B)(1)'s "additional exemptions to the definition of 'employee'" apply to actions brought under Ohio Const. Art. II, Sec. 34a.**

**The trial court erred in declaring that R.C. § 4111.14(B)(1)'s definition of "employee" is constitutionally valid.**

{¶ 9}     The pivotal question posed by the assignments of error is whether the trial court erred in concluding that the definition of an "employee" set forth in R.C. 4111.14(B)(1) is not in conflict with the definition of an "employee" contained in Ohio Constitution, Article II, Section 34a, and that R.C. 4111.14(B)(1) permissibly implements Section 34a.   This question turns on whether the definition of an "employee" in the statute is incompatible with the definition of that term in Section 34a.   If the statute, or any part of it, conflicts with the constitutional provision, it is unconstitutional.

{¶ 10}     "It is difficult to prove that a statute is unconstitutional.   All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'"   *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25, citing *Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59, paragraph one of the syllabus.

"A legislative act is presumed in law to be within the constitutional power of

---

[3]The Ohio Employment Lawyers Association filed a brief of amicus curiae in support of Haight, Pence, and others similarly situated.

the body making it, whether that body be a municipal or a state legislative body. * * * That presumption of validity of such legislative enactment cannot be overcome unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution. * * * The question, whether a law be void for its repugnancy to the Constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case." * * * [A] law should not be held unconstitutional on "slight implication" and "vague conjecture" but only where the court has a "clear and strong conviction" that the challenged law is incompatible with the Constitution.   (Internal citations omitted.)

*N. Olmsted v. N. Olmsted Land Holdings, Ltd.*, 137 Ohio App.3d 1, 7, 738 N.E.2d 1 (8th Dist.2000), citing *Defenbacher*.

{¶ 11}   Section 34a defines "employee" and other terms as follows:

As used in this section: "employer," "employee," "employ," "person" and "independent contractor" have the same meanings as under the federal Fair Labor Standards Act or its successor law, except that "employer" shall also include the state and every political subdivision and "employee" shall not include an individual employed in or about the property of the employer or individual's residence on a casual basis.   Only the exemptions set forth in this section shall apply to this section.

The Fair Labor Standard Act, 29 U.S.C. 203, defines an "employee" as "any

individual employed by an employer"; the definition set forth in this section is subject to certain exceptions, also set forth in that section, related to employees of a "public agency," an agricultural employer's family members, and volunteers for a public agency. 29 U.S.C. 203(e).

{¶ 12} R.C. 4111.14, enacted less than two months after Section 34a, acknowledges that its purposes are "in implementation of Section 34a of Article II, Ohio Constitution," R.C. 4111.14(A), and to ensure that the wage rate required by Section 34a is paid to "Ohio employees, as defined in division (B)(1) of this section." R.C. 4111.14(A)(1). The statute also states that

> In accordance with Section 34a of Article II, Ohio Constitution, the terms "employer," "employee," "employ," "person," and "independent contractor" have the same meanings as in the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. 203, as amended. In construing the meaning of these terms, due consideration and great weight shall be given to the United States department of labor's and federal courts' interpretations of those terms under the Fair Labor Standards Act and its regulations. * * *

R.C. 4111.14(B).

{¶ 13} Although R.C. 4111.14(B)(1) acknowledges that Section 34a defines "employee" as having the "same meaning" as under the federal Fair Labor Standards Act, it also includes its own definition of "Employee":

> "Employee" means individuals employed in Ohio, but does not mean individuals who are excluded from the definition of "employee" under 29

U.S.C. 203(e) [the Fair Labor Standards Act] or individuals who are exempted from the minimum wage requirements in 29 U.S.C. 213 and from the definition of "employee" in this chapter.

R.C. 4111.14(B)(1).

{¶ 14}   29 U.S.C. 213 contains exemptions to the minimum wage and maximum hour requirements of the Fair Labor Standards Act.   These exemptions include "any employee employed in a bona fide executive, administrative, or professional capacity * * *, *or in the capacity of outside salesman * * *.*"   29 U.S.C. 213(a)(1).   Other exemptions include, very generally, summer camp employees, immediate family members working in agriculture, criminal investigators, and employees of fishing operations and small publications.

{¶ 15}   For purposes of this appeal, the parties seem to agree, and we will assume, that Haight's and Pence's positions with Cheap Escape fell within the definition of an "outside salesperson," which is exempt from minimum wage requirements under 29 U.S.C. 213.   Thus, they would not have been entitled to the federal minimum wage under federal law.

{¶ 16}   The question, then, is whether Haight and Pence were entitled under Ohio law to be paid the Ohio minimum wage.   They claim that they were, because the definition of an employee under Section 34a is very broad and does not exclude employees who are exempt from the federal minimum wage law under 29 U.S.C. 213.   Haight and Pence further argue that, in enacting R.C. 4111.14(B)(1), the legislature impermissibly narrowed the definition of an "employee" set forth in Section 34a.   The owners of Cheap Escape contend

that the "*meaning*" of "employee" under the federal Fair Labor Standards Act, as that term is used in Section 34a, is broader than the "*definition*" of "employee" in Section 34a, and that the definition of employee contained in R.C. 4111.14(B)(1) does not clearly conflict with the constitutional provision.

{¶ 17}   Section 34a's statement that "employee" and other terms have "the same meanings as under the federal Fair Labor Standards Act," coupled with its statement that "[o]nly the exemptions set forth in this section shall apply to this section," preclude interpreting Section 34a in the manner advocated by the owners of Cheap Escape.  The exemptions from minimum wage requirements set forth in 29 U.S.C. 213 do not alter the definition of "employee" set forth in 29 U.S.C. 203.  Rather, the exemptions provide that minimum wage (and maximum hour) requirements do not apply to certain categories of employees.  In other words, the exemptions remove certain categories *of employees* from the minimum wage requirements set forth in other parts of the Fair Labor Standards Act, but they do not remove persons in those categories from the definition of an employee.  Thus, the definition or "meaning" of an employee under the Fair Labor Standards Act is the broad definition contained in 29 U.S.C. 203(e) – "any individual employed by an employer" – rather than any narrower classification that applies for the provision of particular federal protections, such as wage and hour rules.

{¶ 18}   This conclusion is bolstered by the statement in Section 34a that "[o]nly the exemptions set forth in this section shall apply to this section."  This provision refutes the owner-employers' argument that the legislature was permitted to graft exemptions to minimum wage requirements set forth in 29 U.S.C. 213 of the Fair Labor Practices Act onto

the definition of an employee contained in 29 U.S.C. 203.

{¶ 19} Moreover, by incorporating the exemptions to minimum wage and maximum hour requirements contained in 29 U.S.C. 213 into the R.C. 4111.14(B)(1) definition of "employee," the legislature impermissibly narrowed Section 34a's definition of an employee and its scope. Section 34a states:

> This section shall be liberally construed in favor of its purposes. Laws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section or the power of municipalities under Article XVIII of this constitution with respect to the same.

Any deliberate or inadvertent narrowing of the definition of an employee covered by Section 34a violates its express intent that legislative provisions implementing Section 34a may in no manner restrict its applicability. To the extent that R.C. 4111.14(B)(1) narrowed the definition of an employee and, thus, the scope of Section 34a, such action must be viewed as an impermissible restriction or modification – rather than a permissible "implementation" – of the constitutional provision.

{¶ 20} Having found that there is a clear conflict between the definition of an employee in R.C. 4111.14(B)(1) and the definition of an employee in Section 34a, we must conclude that the legislative enactment is invalid.

{¶ 21} In finding that R.C. 4111.14(B)(1) does not conflict with Section 34a, the trial court relied on *Ellington v. East Cleveland*, 689 F.2d 549 (6th Cir.2012). *Ellington* held that the Deputy Clerk of the East Cleveland City Council fell within the "legislative

employee" exclusion from the definition of an employee under the federal Fair Labor Standards Act, R.C. 4111.14(B), and Section 34a. We note that the "legislative employee" exclusion upon which *Ellington* relies is contained in 29 U.S.C. 203, which *defines* an employee, rather than 29 U.S.C. 213, which sets forth *classifications of employees* who are exempt from the minimum wage requirements. Unlike a "legislative employee," who is excluded from the definition of an employee under 29 U.S.C. 203(e)(2)(C)(V), an "outside salesperson" is an employee who is exempt from the minimum wage requirement under 29 U.S.C. 213. *Ellington* does not address exempt employees, and the trial court does not discuss this distinction.

{¶ 22} In *Ellington,* the court found that the Deputy Clerk's claims under Section 34a and R.C 4111.14(B) failed because, on their face, "[l]ike the FLSA, both § 34a and [R.C. 4111.14(B)] limit the scope of the minimum wage and overtime provisions to individuals who qualify as 'employees.'" The court did not analyze Section 34a or R.C. 4111.14(B); it merely noted that Section 34a and R.C. 4111.14(B) rely on the Fair Labor Standards Act's definition of "employee." Having concluded that the Deputy Clerk was not an employee (because he fell within the legislative employee exception) under 29 U.S.C. 203, the court likewise concluded that the Clerk was not an employee under Ohio law. *Ellington* is not controlling in considering the effect of the exemptions contained in 29 U.S.C. 213 on the Ohio definition of an employee.

{¶ 23} The briefs engage in extensive argument parsing and attempting to distinguish between "exemption" and "exception" and between "meaning" and "definition." We appreciate these discussions. However, the Ohio Constitution (Section 34a) applies to

all "employees" as that term is used by the Fair Labor Standards Act, and the Fair Labor Standards Act defines "employee" as "any individual employed by an employer." Therefore, the Ohio Constitutional provisions cover any individual employed by an employer. The fact that the Fair Labor Standards Act goes on to exempt from *its* provisions employees who are employed by an employer as outside salespeople is not part of the definition and cannot reasonably be interpreted as such.

{¶ 24} We conclude that the legislature exceeded its authority to implement Section 34a when it defined "employee" differently, and more narrowly, than that term is defined in Section 34a or in the Fair Labor Standards Act.

{¶ 25} The assignments of error are sustained.

{¶ 26} The judgment of the trial court will be reversed, and the case will be remanded to the trial court.

. . . . . . . . . .

FAIN, J., concurs.

WELBAUM, J., dissenting:

{¶ 27} I very respectfully dissent. "In determining the constitutionality of an ordinance, we are mindful of the fundamental principle requiring courts to presume the constitutionality of lawfully enacted legislation. Further, the legislation being challenged will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." (Citations omitted.) *Arnold v. Cleveland*, 67 Ohio St.3d 35, 38-39, 616 N.E.2d 163 (1993). I am not convinced beyond a reasonable doubt that R.C. 4111.14(B) unconstitutionally conflicts with Article II, Section 34a of the Ohio Constitution.

{¶ 28}  Article II, Section 34a and R.C. 4111.14(B) both state that the term "employee" has the same "meanings" as under the federal Fair Labor Standards Act (FLSA). I agree that 29 U.S.C. 203(e)(1) of the FLSA does provides a very broad definition of employee as "any individual employed by an employer."  However, I also conclude that the overarching meaning of employees under the FLSA, including its exclusions and exemptions from eligibility, must be applied.

{¶ 29}  Notably, Article II, Section 34a of the Ohio Constitution uses the plural term "meanings," which encompasses more than just a single definition.  In addition, Section 34a does not confine itself only to the meaning of employee under 29 U.S.C. 203(e)(1).  Instead, Section 34a states that "[a]s used in this section: 'employer,' 'employee,' 'employ,' 'person' and 'independent contractor' have the same meanings as under the federal Fair Labor Standards Act or its successor law * * *."  This reference includes the entirety of the act, not just a specific section.  Under 29 U.S.C. 213(a)(1) of the FLSA, outside sales employees are excluded from eligibility to receive minimum wages, and they are properly excluded from coverage under Section 34a and R.C. 4111.14(B) as well.

{¶ 30}  My conclusion is also buttressed by the fact that Article II, Section 34a of the Ohio Constitution includes a specific exemption for "employees of a solely family owned and operated business who are family members of an owner."  This exemption is not one that was included in the FLSA.  Logically, the drafters of Ohio's constitutional amendment would have specifically mentioned the existing exemptions and exclusions in the FLSA if they believed that these categories were not already excluded from the meaning of "employees" for purposes of Section 34a.  Exempting one specific category of employees from Ohio's coverage, while failing to exempt other previously-excluded categories, makes

no sense.

{¶ 31}  The challengers have framed a debatable issue, but have not proved an invalidating conflict beyond a reasonable doubt.  I am not convinced beyond a reasonable doubt that R.C. 4111.14(B) unconstitutionally conflicts with Article II, Section 34a of the Ohio Constitution.  Therefore, I would uphold the constitutionality of R.C.4111.14(B) and affirm the judgment of the trial court.

{¶ 32}  For the foregoing reasons, I very respectfully dissent.

. . . . . . . . . .


Copies mailed to:

Andrew Biller
Frederick M. Gittes
John P. Susany
Patrick G. O'Connor
Jennifer D. Brumby
Michael P. Brush
Neil E. Klingshirn
Lori Wiseman
Hon. Mary Katherine Huffman