**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Haight v. Minchak,* **Slip Opinion No. 2016-Ohio-1053.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1053

HAIGHT ET AL., APPELLEES, *v.* MINCHAK ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Haight v. Minchak,* **Slip Opinion No. 2016-Ohio-1053.]**

*Minimum wage—R.C. 411.14—The meaning of the term "employee" under R.C. 4111.14(B)(1) is constitutionally valid because it does not clearly conflict with or restrict the meaning of that same term under Article II, Section 34a of the Ohio Constitution.*

(No. 2014-1241—Submitted September 2, 2015—Decided March 17, 2016.)

APPEAL from the Court of Appeals for Montgomery County, No. 25983, 2014-Ohio-2447.

_____

**SYLLABUS OF THE COURT**

The meaning of the term "employee" under R.C. 4111.14(B)(1) is constitutionally valid because it does not clearly conflict with or restrict the meaning of that same term under Article II, Section 34a of the Ohio Constitution.

_____

**LANZINGER, J.**

{¶ 1} In this appeal, we are asked to determine whether the definition of the term "employee" set forth in R.C. 4111.14(B)(1) clearly conflicts with the definition of the same term set forth in the Ohio Constitution, Article II, Section 34a. Because it does not, we hold that R.C. 4111.14(B)(1) is constitutional.

## Case Background

{¶ 2} This is a case involving the applicability of Ohio's minimum-wage law. Appellees, John Haight and Christopher Pence, were employed as sales representatives by the Cheap Escape Company, which was owned by appellants, Robert and Joan Minchak. Cheap Escape published J.B. Dollar Stretcher Magazine, for which the sales representatives solicited advertising business. Haight and Pence allege that although they were to be paid either by commissions plus a draw (in the nature of an advance) or by commissions only, the Minchaks stopped paying or reduced the amount of the draw for certain sales representatives—those with the company for a certain length of time or those believed to be underperforming. The draw that was available to a sales representative who failed to earn a commission fell below the minimum wage mandated by Article II, Section 34a of the Ohio Constitution, according to Haight and Pence. They filed a class-action lawsuit that sought, among other things, a declaration that certain provisions of R.C. 4111.14 were unconstitutional, an injunction against the Minchaks from engaging in unlawful employment practices, an award of unpaid wages, and treble damages.

{¶ 3} Haight and Pence requested a declaration from the Montgomery County Court of Common Pleas that as employees, they were entitled to minimum wage. They argued that because R.C. 4111.14(B)(1) contains exemptions from the definition of "employee" that Article II, Section 34a of the Ohio Constitution does not contain, the statute is unconstitutional. In the alternative, they argued that R.C. 4111.14(B) does not apply to claims for minimum-wage violations brought under

the Constitution. Haight and Pence acknowledged that they could advance their minimum-wage claims only if they were employees, but they contended that exempting salespeople from the definition of "employee," as permitted in R.C. 4111.14(B)(1), would conflict with the definition of "employee" in Article II, Section 34(a). The trial court disagreed and declared that R.C. 4111.14(B)(1) is constitutionally valid and that the exemptions within the statute apply to claims brought under Article II, Section 34a.

{¶ 4} The Second District Court of Appeals reversed. The appellate court concluded that the General Assembly exceeded its authority when it defined "employee" differently, and more narrowly, than did the Constitution. 2014-Ohio-2447, 11 N.E.3d 1258 (2d Dist.), ¶ 24.

{¶ 5} We accepted the Minchaks' discretionary appeal on the following propositions of law:

[1.] The meaning of the term "employee" under R.C. 4111.14(B)(1) is constitutionally valid because it does not clearly conflict with or restrict the meaning of that same term under Article II, Section 34a of the Ohio Constitution.

[2.] If the statutory definition of "employee" under R.C. 4111.14(B)(1) is unconstitutional and invalid, that conclusion and ruling should apply prospectively only under the three-part test propounded in *DiCenzo v. A-Best Prods. Co.* [120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132].

**Analysis**

*Definition of "Employee" under Article II, Section 34a of the Ohio Constitution and R.C. 4111.14(B)(1)*

{¶ 6} In November 2006, Ohio voters approved the Fair Minimum Wage Amendment to the Ohio Constitution, which establishes a minimum rate that employers must pay their employees and requires annual adjustments of that amount. Article II, Section 34a. The section further provides:

> "[E]mployer," *"employee*," "employ," "person" and "independent contractor" *have the same meanings as under the federal Fair Labor Standards Act or its successor law*, except that "employer" shall also include the state and every political subdivision and "employee" shall not include an individual employed in or about the property of the employer or individual's residence on a casual basis. Only the exemptions set forth in this section shall apply to this section.
>
> \* \* \*
>
> This section shall be liberally construed in favor of its purposes. *Laws may be passed to implement* its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section or the power of municipalities under Article XVIII of this constitution with respect to the same.

(Emphasis added.) *Id.*

{¶ 7} Shortly after, the General Assembly enacted Am.Sub.H.B. No. 690 ("H.B. 690"), 151 Ohio Laws, Part V, 9576, to implement the provisions of Article II, Section 34a. As part of that enactment, R.C. 4111.14 provides:

4

(B) In accordance with Section 34a of Article II, Ohio Constitution, the terms "employer," *"employee,"* "employ," "person," and "independent contractor" *have the same meanings* as in the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. 203, as amended. In construing the meaning of these terms, due consideration and great weight shall be given to the United States department of labor's and federal courts' interpretations of those terms under the Fair Labor Standards Act and its regulations. As used in division (B) of this section:

(1) *"Employee"* means individuals employed in Ohio, but *does not mean individuals who are excluded from the definition of "employee" under 29 U.S.C. 203(e) or individuals who are exempted from the minimum wage requirements in 29 U.S.C. 213* and from the definition of "employee" in this chapter.

(Emphasis added.)

*Positions of the parties*

{¶ 8} R.C. 4111.14(B)(1) refers to 29 U.S.C. 203(e), which contains both the basic definition of "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and the enumerated exceptions to that definition, 29 U.S.C. 203(e)(2) through (4). The same subdivision of the statute also refers to 29 U.S.C. 213, which exempts certain employees from certain federal requirements, including minimum-wage and maximum-hour requirements. 29 U.S.C. 213(a) and (b). Haight and Pence agree that 29 U.S.C. 203(e) is incorporated into the Ohio Constitution because that is the section that defines "employee." Thus, the issue here is whether the exemptions set forth in 29 U.S.C. 213 are also properly exempted from the statutory definition of "employee."

**{¶ 9}** The Minchaks argue that the entire Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., is incorporated into Article II, Section 34a of the Ohio Constitution (the "Fair Minimum Wage Amendment"), because the drafters of the constitutional amendment would have pinpointed only specific provisions of the FLSA if they had intended to incorporate less than the entire act. They also argue that because the constitutional language is broad, supplemental legislation was required to clarify the definition of employee.

**{¶ 10}** Haight and Pence, on the other hand, argue that the Fair Minimum Wage Amendment incorporates only the definition of "employee" that appears in 29 U.S.C. 203(e). They contend that it is inappropriate to look at the exemptions in 29 U.S.C. 213 to define "employee" because Article II, Section 34a of the Ohio Constitution states that "[o]nly the exemptions set forth in this section shall apply to this section." They note that the Fair Minimum Wage Amendment then expressly sets forth five exemptions: tipped employees, employees with mental or physical disabilities, employees of solely owned and operated family businesses who are family members of the owner, employees under the age of 16, and individuals employed in or about the property of the employer or individual's residence on a casual basis. Haight and Pence argue that because R.C. 4111.14(B)(1) allows more exemptions from the definition of "employee" than those set forth in the Fair Minimum Wage Amendment, the statute is unconstitutional.

**{¶ 11}** It is well settled that "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. In determining whether a legislative act conflicts with a constitutional provision, courts must liberally construe statutes in order to save them from constitutional infirmity.

*Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999). The party challenging the constitutionality of the statute bears the burden of proving its constitutional infirmity. *Univ. Hts. v. O'Leary* (1981), 68 Ohio St.2d 130, 135, 429 N.E.2d 148 (1981). We have also stated that "the state Constitution is primarily a *limitation* on legislative power of the General Assembly. It follows that the General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions." (Emphasis sic.) *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159, 162, 224 N.E.2d 906 (1967).

{¶ 12} With these provisions in mind, we observe first that both Article II, Section 34a of the Ohio Constitution and R.C. 4111.14(B) state that the term "employee" shall have the same "meanings" as provided in the FLSA. Although R.C. 4111.14(B)(1) then specifically states that the term "employee" "does not mean individuals who are excluded from the definition of 'employee' under 29 U.S.C. 203(e) or individuals who are exempted from the minimum wage requirements in 29 U.S.C. 213," the language is not inconsistent with the constitutional provision. The Fair Minimum Wage Amendment incorporates the FLSA without any limitation.

{¶ 13} The amendment states that "employer" and "employee," as well other words, "have the same *meanings* as under the federal Fair Labor Standards Act." (Emphasis added.) "Meanings" is plural, indicating more than one definition applies, which then necessarily includes both exclusions and exemptions. It would have been a simple matter for the drafters of the Fair Minimum Wage Amendment to include a limitation by referring to a specific section of the FLSA. Since there is no limitation, the constitutional provision's use of the plural term "meanings" indicates that the entirety of the FLSA is to be considered when determining who is covered under its protections.

{¶ 14} Nor are we persuaded that the provision in Article II, Section 34a of the Ohio Constitution that "[o]nly the exemptions set forth in this section shall

apply to this section" precludes the incorporation of the FLSA exemptions. The Fair Minimum Wage Amendment itself includes exemptions for employees who receive tips and employees of a family-owned-and-operated business who are family members of the owner. These are not generally included in 29 U.S.C. 213(a)(1), which includes exemptions for employees engaged in an executive, administrative, or professional capacity or as outside salespersons, summer-camp employees, fishing-operation employees, small-publication employees, and employees who are immediate family members working in agriculture. But the addition of these exemptions does not suggest that other FLSA exemptions are not included within the "meanings" of the term "employee." We agree with the dissenting appellate judge that it is logical to conclude that the drafters did not need to restate the FLSA exemptions within Article II, Section 34 of the Ohio Constitution because those exemptions had already been incorporated. 2014-Ohio-2447, 11 N.E.3d 1258 (2d Dist.), ¶ 30.

{¶ 15} The proponents of the Ohio Fair Minimum Wage Amendment issued a publication entitled "Fact vs. Fiction: Minimum Wage Opponents Shamelessly Distort Facts to Deny Low-Wage Workers a Raise," which informed Ohio voters of the following:

> (1) The Amendment defines "employer," "employee," and "employ" as having the same meanings as under the federal Fair Labor Standards Act. Clear definitions for terms such as "employ" and "casual basis" will not necessitate litigation to clarify their meanings because those terms have been established by federal regulations, well settled case law, or both.

> (2) By referencing the federal minimum wage law directly, the Amendment ensures that the Ohio law tracks the federal

minimum wage requirements with respect to individuals who volunteer their time.

(3) The Amendment does not threaten employees' privacy because employees may seek access only to their own payroll records.

(4) The Amendment allows an employer to take reasonable steps to verify that a person does in fact represent the employee.

(5) Employment law experts explain that state authorities in Ohio will undoubtedly interpret the parallel language in the Amendment in the same manner as the federal Department of Labor, clarifying that employers need not keep irrelevant records for non-hourly employees.

H.B. 690, 151 Ohio Laws, Part V, 9589-9590. It appears that the proponents intended that terms such as "employee" are to be defined consistently with the definition in federal law; this necessarily includes the exemptions.

{¶ 16} Haight and Pence finally argue that if we determine that the statutory provision does not conflict with the Constitution, then we should further determine whether Article II, Section 34a of the Ohio Constitution is self-executing and whether R.C. 4111.14(B)(1) applies to lawsuits brought under the Constitution. Because we determine that the Fair Minimum Wage Amendment incorporates the FLSA exemptions, it is irrelevant whether the provision is self-executing. Both Article II, Section 34a of the Ohio Constitution and R.C. 4111.14 include the FLSA exemptions within the term "employee."

{¶ 17} Based on the above, we cannot conclude that R.C. 4111.14(B)(1) conflicts with Article II, Section 34a beyond a reasonable doubt. We therefore hold that the meaning of the term "employee" under R.C. 4111.14(B)(1) is

constitutionally valid because it does not clearly conflict with or restrict the meaning of that same term under Article II, Section 34a of the Ohio Constitution.

{¶ 18} As a result, we need not address the Minchaks' second proposition of law regarding the prospective application of the definition of "employee."

**Conclusion**

{¶ 19} To be entitled to minimum wage, an individual must be an "employee." Article II, Section 34a of the Ohio Constitution provides that "employee" shall have the same "meanings" as in the FLSA. This provision is without further limitation. Therefore, both the FLSA exclusions and exemptions are to be considered when determining whether an individual is an employee. Because R.C. 4111.14(B)(1)'s provisions are consistent with this interpretation, the statute is constitutional.

{¶ 20} The judgment of the Second District Court of Appeals is reversed.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur.

O'DONNELL, J., concurs in syllabus and judgment only.

O'NEILL, J., dissents with an opinion in which PFEIFER, J., joins.

_____

**O'NEILL, J., dissenting.**

{¶ 21} We have a system of government that derives its power from the consent of the governed. It is the people who have the right to alter and reform the government. That being said, amending the Ohio Constitution is not an easy process, nor should it be. A written petition containing 1,000 signatures is just the beginning. R.C. 3519.01. After the initial petition is certified, the petitioners must gather the signatures of at least ten percent of the total of those who cast votes in the previous gubernatorial election. Article II, Sections 1a and 1g, Ohio Constitution. The signatures must come from 44 of Ohio's 88 counties. Article II, Section 1g, Ohio Constitution.

{¶ 22} In 2006, a petition to amend the Ohio Constitution and raise the minimum wage for the state of Ohio to $6.85 was successfully placed on the ballot. On November 7, 2006, Ohio voters approved State Issue 2 with 56.6 percent of the votes. Ohio Secretary of State, 2006 Elections Results, http://www.sos.state.oh.us/sos/elections/Research/electResultsMain/2006Election sResults/06-1107Issue2.aspx (accessed Mar. 8, 2016). To be precise, that meant 2,205,929 Ohio voters voted in favor of the provision. *Id.* Thus State Issue 2 became Article II, Section 34a, of the Ohio Constitution.

{¶ 23} Article II, Section 34a, Ohio Constitution expressly states that the only exemptions to the requirement to pay a minimum wage are those that are set forth in that amendment. In general terms, those exceptions are for children under 16 years of age; employees who work for a business that grossed less than $250,000 in the preceding calendar year; workers employed on a casual basis at an employer's residence; employees who receive tips, if the employer can show that the tips and wages combined equal the minimum wage; workers at a family-owned business who are family members of the owner; and workers with mental or physical disabilities, if their employer obtained a state license to pay a lower wage. The amendment also provides, "This section shall be liberally construed in favor of its purposes. Laws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section * * *."

{¶ 24} The bill containing the statutory provision at issue in this case, R.C. 4111.14(B)(1), was introduced a mere 21 days after passage of the amendment and was passed less than a month later, on December 20, 2006. Am.Sub.H.B. No. 690, 151 Ohio Laws, Part V, 9576. *See* Legislative Service Commission Bill Analysis, Am.Sub.H.B. No. 690 (2006). That is a rapid response. R.C. 4111.14(B) restated that "employee" has the same meaning as in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203 (the definitions section of the FLSA). However, R.C.

4111.14(B)(1) then incorporated the exclusions contained in the federal minimum-wage law found in 29 U.S.C. 203 as well as the exemptions found in 29 U.S.C. 213. R.C. 4111.14. There is no possible stretch of the English language that can disguise the fact that the statute has the effect of restricting a provision in the constitutional amendment, which had been recently approved by more than two million voters.

{¶ 25} The Second District Court of Appeals got this case right. The exemption found in the federal minimum-wage law for outside salespersons, and other exemptions, were not included in Ohio's constitutional amendment and cannot be reasonably interpreted as such. By incorporating into Ohio law the exemptions set forth in the federal law, the General Assembly modified the decision of the voters of the state of Ohio and impermissibly narrowed and restricted the meaning of the word "employee" in the amendment. Accordingly, that portion of the statute should be declared unconstitutional. *State ex rel. Dickman v. Defenbacher,* 164 Ohio St. 142, 128 N.E.2d 59 (1955). Simply stated, the Ohio General Assembly cannot surreptitiously override the will of the people of Ohio. The voters have spoken, and the General Assembly and this court must listen. I dissent.

PFEIFER, J., concurs in the foregoing opinion.

_____

Markovits, Stock & DeMarco, L.L.C., and Andrew Biller, for appellees.

Stark & Knoll Co., L.P.A., John P. Susany, and Kathleen A. Hahner, for appellants.

Vorys, Sater, Seymour and Pease, L.L.P., Nelson D. Cary, Daniel J. Clark, Michael C. Griffaton, and George L. Stevens, urging reversal for amici curiae Ohio Council of Retail Merchants, Ohio Chamber of Commerce, Ohio Chapter of the National Federation of Independent Business, Ohio Farm Bureau Federation, and Ohio Management Lawyers Association.

Barkan, Meizlish, Handelman, Goodin, DeRose & Wentz, L.L.P., Robert E. DeRose, and Trent R. Taylor, urging affirmance for amicus curiae Ohio Association for Justice.

The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro; and Fortney & Klingshirn and Neil Klingshirn, urging affirmance for amicus curiae Ohio Employment Lawyers' Association.

_____